# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| **JOHN HILLIARD** | **CIVIL ACTION NO. 05-75** |
| **VERSUS** | **SECTION "P"** |
| **O. KENT ANDREWS** | **JUDGE MINALDI** |
| | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights action filed *in forma pauperis* on January 10, 2005, by *pro se* Plaintiff, John Hilliard, pursuant to 42 U.S.C. §1983. Plaintiff, who is incarcerated at the Allen Correctional Center (ACC) in Kinder, Louisiana, names ACC Warden, O. Kent Andrews, as his sole defendant herein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff claims that on September 1, 2004, he spoke to the ACC Chaplin in regard to attending the funeral of plaintiff's brother. Plaintiff alleges that the Chaplin informed him that plaintiff would not be allowed to go to the funeral as plaintiff owed indigent funds to the prison. Plaintiff states that the Chaplin further advised him that it would cost plaintiff $700.00 to attend the funeral. Plaintiff claims that he then spoke to defendant Andrews about the situation, but that Andrews instructed plaintiff to again discuss the matter with the Chaplin. Plaintiff states that he did as instructed by Warden Andrews but to no avail as the Chaplin told plaintiff that he could not attend the funeral. Plaintiff alleges that he is being "chastised" because he is indigent, and

that several inmates have attended funerals without having to pay anything. Plaintiff further claims that defendant Andrews has "overstepped his bounds, by applying some sort of money grabbing scheme, to enhance his power over the inmates in this money for profit, GEO privately run institution." Plaintiff claims that the denial of his request to attend the funeral violates the "Laws of Fundamental Fairness", the "Laws of Liberty Interests", and constitutes "Cruel and Unusual Punishment." As a result of this action, plaintiff requests a transfer to a facility that is not operated by the Department of Corrections, as well as compensation for his loss of not being able to say his last respects to his brother with the rest of his family.

## LAW AND ANALYSIS

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir. 1991). A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 112 S.Ct. 1728, 1733 (1992).

1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996).

A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint, while short on details, sufficiently establishes his theories of liability with respect to the named defendant, and the court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted and accordingly recommends dismissal of the complaint.

## **FAILURE TO STATE A CLAIM**

"[Section] 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 n. 3 (5th Cir. 1999). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

In general, plaintiff claims that the denial of his request to attend his brother's funeral constituted cruel and unusual punishment and violated his protected liberty interest to attend same. Plaintiff also claims that he is being discriminated against because he is indigent and could not pay the alleged sum required for plaintiff to attend the funeral. As such, plaintiff's claims implicate the Eighth Amendment's prohibition against cruel and unusual punishment, as well as due process and equal protection rights under the Fourteenth Amendment.

Under the Prison Litigation Reform Act, a prisoner cannot recover for emotional or mental damages suffered while imprisoned without a showing of physical injury. 42 U.S.C. § 1997e(e) (2004); *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005)*; Herman v. Holiday*, 238 F.3d 660, 665-66 (5th Cir. 2001); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). Plaintiff nowhere suggests that the "cruel and unusual punishment" he has endured resulted in a physical injury; therefore, § 1997e(e) precludes his claim. *Geiger, supra; Alexander v. Tippah County, Miss.*, 351 F.3d 626, 631 (5th Cir.2003), *cert. denied*, ____ U.S. ____, 124 S.Ct. 2071, 158 L.Ed.2d 623 (2004).

Likewise, to the extent that plaintiff asserts a Fourteenth Amendment due process claim, that, too, must also fail. Simply put, plaintiff does not have a protected right to or a liberty interest in attending his brother's funeral. [2] The granting of any such "temporary release" is within the discretion of the secretary of the Department of Public Safety and Corrections. *See*

---

[2] The Supreme Court has "consistently refused to recognize more than the most basic liberty interests in prisoners." *Mitchell v. Sheriff Department*, 995 F.2d 60, 62-63 (5th Cir. 1993), citing *Hewitt v. Helms,* 103 S.Ct. 864, 869 (1983). It is beyond question that "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights." *Mitchell*, supra, citing *Price v. Johnston*, 68 S.Ct. 1049, 1060 (1948).

4

La.R.S. 15:833. [3] "[T]he failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest." *Assaad v. Ashcroft,* 378 F.3d 471, 475 (5th Cir. 2004). Therefore, plaintiff's claim fails to rise to the level of a constitutional violation.

Further, in construing plaintiff's complaint to assert an equal protection claim, the court finds that plaintiff has not, and cannot, meet the requisites to sustain his allegations. With regard to this claim, plaintiff advances the contention that he was discriminated against because of his indigent status. The equal protection clause of the Fourteenth Amendment requires essentially that all persons similarly situated be treated alike. See *Rolf v. City of San Antonio*, 77 F.3d 823, 828 (5th Cir. 1996). In order to successfully plead an equal protection claim, a civil rights plaintiff must allege (1) that the defendant created two or more classifications of similarly situated prisoners that were treated differently; and (2) that the classification had no rational relation to any legitimate governmental objective. See, *Johnson v. Rodriguez*, 110 F.3d 299, 306-07 (5th Cir. 1997). Here, plaintiff's own assertions run counter to a finding that indigent inmates are treated any differently than non-indigent inmates in regard to attending funerals. More specifically, plaintiff states that "there have been several inmates who have attended funerals for family members, without paying a dime." Thus, the ability of an inmate to pay the alleged "charge" for attending a funeral apparently does not determine whether or not the inmate is granted temporary leave. Plaintiff's conclusory allegations concerning disparate treatment are refuted by the very record he has submitted and thus, plaintiff has not adequately pleaded an

---

[3] La.Rev.Stat.Ann.15:833, states in pertinent part:
**§ 833-Inmate contact with persons outside institution; temporary release**
A. The secretary of the Department of Public Safety and Corrections **may** authorize the temporary release of an inmate only for...death of a family member....

5

equal protection clause violation.

Lastly, the plaintiff seeks a transfer to another correctional facility. However, this court is unable to grant plaintiff the relief that he seeks. It is well settled that prisoners do not have a constitutional right to be incarcerated in any particular institution. *Meachum v. Fano*, 96 S.Ct. 2532 (1976); *Biliski v. Harborth*, 55 F.3d 160 (5th Cir. 1995); *Parker v. Cook*, 642 F.2d 865, 876 (5th Cir. 1981); *Hutto v. Finney*, 98 S.Ct. 2565, 2571 (1978). Decisions regarding the placement of prisoners and whether to transfer a prisoner are essential to prison management. *Olim v. Wakinekona,* 103 S.Ct. 1741 (1983); *Montanye v. Haymes*, 96 S.Ct. 2543 (1976). Such day-to-day decisions are left to the discretion of prison officials and are not subject to judicial oversight as long as the conditions of confinement to which plaintiff is subjected do not violate the Constitution. *Chapman v. United States,* 111 S.Ct. 1919, 1927 (1991); *Jackson v. Cain,* 864 F.2d 1235 (5th Cir. 1989)*; see also Shaw v. Murphy*, 121 S.Ct. 1475, 1479 (2001) ("Traditionally, federal courts did not intervene in the internal affairs of prisons and instead 'adopted a broad hands-off attitude toward problems of prison administration.'").

## **THREE STRIKES**

Plaintiff has had two previous civil actions dismissed as frivolous pursuant to 28 U.S.C. § 1915(e). *Hilliard v. Pousho, et al*, 3:95cv199; and *Hilliard v. O. Kent Andrews*, 2:03cv1072. After review of all claims raised herein, the undersigned has recommended that the plaintiff's claims be dismissed as frivolous. Thus, the instant recommended dismissal constitutes a third strike against plaintiff pursuant to 28 U.S.C. § 1915(e), and it is recommended that plaintiff be barred from filing any other civil actions in United States District Courts *in forma pauperis*, except for cases involving an imminent danger of serious physical injury. See, *Adepegba v.*

6

*Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).

For the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's claims herein for alleged civil rights violations be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

**IT IS ALSO RECOMMENDED** that plaintiff be barred from filing any other civil actions in United States District Courts *in forma pauperis* except for cases involving an imminent danger of serious physical injury.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 8th day of July, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE